UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENNIS STEVENS, et al., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 04-89-B-W |
| | ) |
| CEDARAPIDS, INC., et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT (DOCKET NO. 46)
AGAINST DEFENDANT EQUIPMENT & SYSTEMS FOR INDUSTRY, INC.**

Dennis Stevens was injured while performing maintenance work for his employer on a rollercone rock crusher allegedly manufactured/sold by the companies named as defendants. Stevens and his wife, Joan Stevens, have brought a five-count complaint against the sellers/manufacturer alleging strict product liability, breach of warranty, and other causes of action. Dennis and Joan Stevens have now moved for partial summary judgment against certain of retailer ESI's affirmative defenses (Docket No. 46), claiming that ESI has failed to identify any facts in support of certain of these defenses. I now recommend that the court grant the motion as to five of ESI's affirmative defenses and deny it as to one, the comparative negligence defense.

**Statement of Material Facts**

According to the plaintiffs, Dennis Stevens was injured in the course of his employment for Thomas DiCenzo, Inc. on April 1, 2002, when a hydraulic coupler and assembly on a rock crusher machine malfunctioned and exploded. (Pls.' SMF ¶ 1.) The hydraulic coupler and

assembly had been installed as a replacement part on the rock crusher machine that same day by two employees of Thomas DiCenzo, Inc. (Id. ¶ 2.) The hydraulic coupler and assembly were ordered by Thomas DiCenzo, Inc. from ESI. (Id. ¶ 3.) ESI in turn ordered the hydraulic coupler and assembly from its manufacturer, Cedarapids, Inc., which shipped the product directly to Thomas DiCenzo, Inc. (Id. ¶ 4.) ESI has not identified any information to support its affirmative defense that all injuries and damages alleged by Stevens were caused and/or contributed to by his own fault and/or negligence. (Id. ¶ 5.) ESI has not identified any information to support its affirmative defense that Stevens has failed to mitigate his damages. (Id. ¶ 6.)

ESI denies Paragraph 6 by noting that Dennis Stevens has not worked since the date of the accident and by speculating he could have offset his damages by working. The record citation for this denial is the Stevenses' answer to Interrogatory 13, wherein they answered an interrogatory as to whether they were making a lost wage claim by answering in the affirmative and stating that Dennis Stevens had not worked since the date of the accident. (Def.'s Resp. SMF ¶ 6.)

According to the plaintiffs, ESI has not identified any information to support its affirmative defense that the act or omissions of a third party are the proximate, supervening, and intervening cause of the damages claimed by the Stevenses, and ESI's contention that it is not, therefore, responsible for any claimed damages. (Pls.' SMF ¶ 7.) ESI has not identified any information to support its affirmative defense that the Stevenses' claims are barred by assumption of the risk. (Id. ¶ 8.) With respect to this statement of material fact -- as well as the statement of fact in Paragraph Five relating to contributory negligence -- ESI responds by stating ESI adopts and incorporates the response of Cedarapids in Paragraph Five of its opposing statement of

material fact in response to this statement of material fact. (Def.'s Resp. SMF ¶¶ 5, 8.)[1] Therein Cedarapids asserts there is sufficient evidence on the record in this case that Dennis Stevens's comparative or contributory negligence may have played a role in this case. Dennis Stevens was crawling around on the rock crushing machine at issue in an attempt to clean up spilled oil while the machine was being pressurized up to 2600 pounds per square inch. According to Cedarapids there is a material issue of fact as to whether or not a jury could conclude that this behavior constitutes negligence on the part of Dennis Stevens. (Cedarapids, Inc.'s Resp. SMF ¶ 5.)

ESI has not identified any information to support its affirmative defense that the damages alleged in the complaint were proximately caused or contributed to by the subsequent alteration, substantial change, misuse or abuse of the product after it left ESI's possession or control. (Pls.' SMF ¶ 9.) With respect to this statement of material fact ESI responds by stating that ESI adopts and incorporates the response of Cedarapids in Paragraph 6 of its opposing statement of material fact in response to this statement of material fact. (Def.'s Resp. SMF ¶ 9.) The substance of that responsive paragraphs is that Cedarapids's experts in this case have opined that the accident may have been caused by incorrect seating of the ferrule inside the elbow joint. This incorrect seating, to the extent it existed, could have been caused by a large dent on the threading of the elbow, with a corresponding witness mark on the ferrule which slides into the elbow. The individuals who were working on the machine on the date of Dennis Stevens's accident have admitted to using various wrenches and a large, thirty-pound sledgehammer during their work that day. There is a material issue of fact as to whether or not a jury could conclude that the large dent on the elbow was, or may have been, caused by these individuals working on the joint at issue and that this dent could have caused the accident. Furthermore, because it is not

---

[1] This parasitical device is unacceptable under the Local Rule. Citing to and incorporating a co-defendant's responses in a parallel pleading is not citation to record evidence. It is doubly dangerous in a case such as this one where the co-defendant's responses for the most part are not properly supported by record evidence.

completely clear that the manifold at issue in this case, and its allegedly defective threading, was manufactured by Cedarapids or another party, there is a material issue of fact as to whether or not a jury could conclude that the part could have been made by another entity who was negligent in manufacturing the part. (Cedarapids, Inc.'s Resp. SMF ¶ 6.)

There is no dispute that ESI has not identified any information to support its affirmative defense that any warranties were disclaimed and/or limited. (Pls.' SMF ¶ 10.) The Stevenses propounded interrogatories to ESI seeking, inter alia, all facts upon which ESI relied in support of each of those affirmative defenses. As to each such interrogatory, ESI responded merely that: "Our attorneys inform us that this matter is under investigation, and that this response will be seasonably supplemented once the investigation has been completed." (Id. ¶ 11.)

### *Summary Judgment Standard*

As moving parties the Stevenses must demonstrate an absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). I must view the record in the light most favorable to ESI and give it the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir.2004). Once the Stevenses have made a preliminary showing that no genuine issue of material fact exists, ESI must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted). See also Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which [ESI] would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

*Discussion*

The Stevenses seek summary judgment on all six of the affirmative defenses asserted by ESI: All injuries and damages alleged by the Plaintiffs were caused and/or contributed to by the fault and/or negligence of the Plaintiff; the Plaintiffs have failed to mitigate their damages; the act or omissions of a third party are the proximate, supervening and intervening cause of the damages claimed by the Plaintiffs, and Defendant ESI is not, therefore, responsible for any claimed damages; the Plaintiffs' claims are barred by assumption of the risk; the damages alleged in the complaint were proximately caused or contributed to by the subsequent alteration, substantial change, misuse, or abuse of the product after it left the Defendant's possession or control; and any warranties were disclaimed and/or limited.  The defendant bears the burden of proving its affirmative defenses.  See Nightingale v. Leach, 842 A.2d 1277, 1279 (Me. 2004). As to each of these six affirmative defenses the Stevenses have put forth record evidence to meet the preliminary burden of demonstrating that no genuine issue of material fact exists as to each of these affirmative defenses.  Thus it is ESI's burden to come forward with sufficient evidence to generate a trialworthy issue.  I will address the six affirmative defenses in reverse order:

*1. Affirmative Defense # 6 – Warranties disclaimed or limited*

ESI's responsive statement of material facts indicates it admits that it has identified no evidence in support of this affirmative defense.  The Stevenses are entitled to judgment as against this defense.

*2. Affirmative Defense # 5 – Damages caused by Subsequent Alteration*

The Stevenses assert as a material fact that ESI has identified no information in support of this defense.  ESI adopts and incorporates Cedarapids's response to Paragraph Six of the corresponding statement of material facts in the companion motion.  Aside from the impropriety

of this cross-reference under the Local Rule, which I will disregard in light of the unity of interest between Cedarapids and ESI, reliance upon Cedarapids's response in this instance does not generate any trialworthy issue. The only admissible[2] evidence in Cedarapids's response to this paragraph is the testimony from the Drew deposition that individuals working on the machine on the date of Dennis Stevens's accident have admitted to using various wrenches and a large, thirty-pound sledgehammer during their work that day. I do not find that this obtuse fact generates a trialworthy issue on this affirmative defense.

### 3. Affirmative Defense # 4 – Assumption of the Risk

ESI identifies only Paragraph Five of Cedarapids's response as the supporting fact undergirding this affirmative defense. Paragraph Five of Cedarapids's response pertains to its own affirmative defense of comparative negligence, a separate affirmative defense raised by ESI and discussed more fully below. ESI makes no attempt to distinguish assumption of the risk from comparative negligence. Although not raised by the Stevenses, there seems to be universal acknowledgement that Maine no longer recognizes an independent affirmative defense of assumption of the risk because it has been subsumed within the doctrine of comparative negligence. See Wilson v. Gordon, 354 A.2d 398, 401-02 (Me. 1976); see also Austin v. Raybestos-Manhattan, Inc., 471 A.2d 280, 286 (Me. 1984). To the extent ESI seeks to raise an independent affirmative defense of "assumption of the risk," it fails as a matter of law.

### 4. Affirmative Defense # 3 – Third Party is a Supervening and Intervening Cause

In this instance ESI adopts the "facts" that Cedarapids put forth in Paragraph Seven of its statement of material fact. Cedarapids, in turn, responded to the Stevenses' assertion that it had

---

[2] Cedarapids's response also includes citation to an expert's report that opines that the accident may have been caused by incorrect seating of the ferrule inside the elbow joint. That expert-report-citation is the subject of some discussion in the Cedarapids's motion and I have treated it differently in that context. Because ESI did not join the fray regarding the expert's reports --- and because they did not bother to develop their summary judgment record with independent citations -- I have not given any weight, whatsoever, to those hearsay reports.

6

not generated any "facts" in support of this affirmative defense by raising discovery objections and by citing to its own supplemental response to Plaintiffs' Interrogatories at Paragraph Nine. Unfortunately, the interrogatory answer does not contain any "facts" other than a conclusory assertion that the allegedly defective part may have been manufactured or "reverse-engineered" by an entity other than Cedarapids. Perhaps that speculation is enough to prevent the Stevenses' from obtaining summary judgment on this issue, but it is certainly not evidence that generates a trialworthy issue on this affirmative defense. The Stevenses have not moved for summary judgment on their own case or on the issue of whether the part was manufactured by Cedarapids.

### 5. *Affirmative Defense # 2 - Plaintiff Failed to Mitigate His Damages*

ESI submits one fact in support of this affirmative defense: Dennis Stevens has not worked since the date of the accident. An injured person's failure to obtain employment, standing by itself, can hardly be proof of failure to mitigate. ESI submits no evidence supportive of the proposition that Dennis Stevens has any work capacity at all.

### 6. *Affirmative Defense # 1 – Comparative Negligence*

I have discussed the viability of this affirmative defense in Cedarapids's companion motion. For the same reasons as stated therein, I am satisfied that defendants have generated in this summary judgment record facts sufficient to allow a factfinder to consider this affirmative defense. ESI once more did nothing more than incorporate Cedarapids's response at Paragraph Five. However, it does not make sense to treat the two defendants differently at trial on this issue.

*Conclusion*

For the reasons stated above I recommend that the Court grant the Stevenses' motion for partial summary judgment as to all affirmative defenses raised by ESI except for the affirmative defense of comparative negligence.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February  17, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge