UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENNIS STEVENS, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Civil No. 04-89-B-W |
| | ) |
| CEDARAPIDS, INC., et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
MOTION FOR SUMMARY JUDGMENT ON CROSS-CLAIM
(DOCKET NO. 50) BY DEFENDANT EQUIPMENT & SYSTEMS FOR
INDUSTRY, INC.**

Dennis Stevens was injured while performing maintenance work for his employer on a rollercone rock crusher allegedly manufactured/sold by the companies named as defendants. Stevens and his wife, Joan Stevens, have brought a five-count complaint against the sellers/manufacturer alleging strict product liability, breach of warranty, and other causes of action. In this motion for summary judgment (Docket No. 50), Defendant Equipment & Systems for Industry, Inc. (ESI) moves for summary judgment on a cross claim against Defendant Cedarapids, Inc. ESI states that the company for which Dennis Stevens was working, Thomas DiCenzo, Inc., ordered the manifold assembly that failed in the accident from ESI who is an equipment retailer and that ESI then placed an order with Cedarapids, the manufacturer that shipped the part directly to DiCenzo. ESI argues that it is undisputed that it merely acted as a conduit for the manifold assembly and that Cedarapids was the manufacturer. Accordingly, ESI claims it is entitled to indemnity

from Cedarapids as a matter of law. I recommend that the Court conditionally grant ESI's motion for summary judgment.

### *ESI's Statement of Material Facts*

There is no dispute that on April 1, 2002, workers at Thomas DiCenzo, Inc. ("DiCenzo") of Calais, Maine, were repairing a rock crusher. (ESI's SMF ¶ 1; Cedarapids's Resp. SMF ¶ 1.) This repair involved replacement of a part known as a relief manifold assembly. (ESI's SMF ¶ 2; Cedarapids's Resp. SMF ¶ 2.) DiCenzo had ordered two replacement manifold assemblies through Defendant ESI in 2001. (ESI's SMF ¶ 3; Cedarapids's Resp. SMF ¶ 3.) ESI placed the foregoing orders with Defendant Cedarapids, the manufacturer of the Rollercone rock crusher, who shipped the relief manifold assemblies directly to Thomas DiCenzo, Inc. (ESI's SMF ¶ 4; Cedarapids's Resp. SMF ¶ 4.) ESI neither received nor shipped either assembly. (ESI's SMF ¶ 5; Cedarapids's Resp. ¶ 5.) ESI had no role in the design or manufacture of the assemblies or in the design or manufacture of the rock crusher. (ESI's SMF ¶ 6; Cedarapids's Resp. SMF ¶ 6.)

According to ESI, it relied upon Cedarapids's knowledge and skill, as manufacturer, in making these products free from defects. (ESI's SMF ¶ 7.) ESI's role in this matter is limited to accepting the order for the relevant assembly from Thomas DiCenzo, Inc., and placing the order for the relevant assembly with Cedarapids. (Id. ¶ 8.) On April 1, 2002, after the manifold assembly had been replaced, the DiCenzo workers pressurized the system. During pressurization, a line suddenly came off the newly installed manifold. (Id. ¶ 9.) Without record citation, Cedarapids qualifies these three paragraphs, indicating that it has no way of knowing whether ESI relied on Cedarapids's

2

knowledge and skill and no way of knowing if ESI's role was limited to accepting the order. (Cedarapids's Resp. SMF ¶¶ 7-8.) It asserts that no representative of Cedarapids witnessed the incident; to wit, all the information regarding the accident comes from outside parties, including the plaintiffs. (Id. ¶ 9.)

There is no dispute that the Stevenses assert that the replacement manifold assembly failed on April 1, 2002, due to a defective component, causing injury to Dennis Stevens (ESI's SMF ¶ 10; Cedarapids's Resp. SMF ¶ 10), and that the Stevenses assert that the component at issue was defectively manufactured and designed (ESI's SMF ¶ 11; Cedarapids's Resp. SMF ¶ 11).

### *Cedarapids's Statement of Additional Facts*

Cedarapids, Inc. is not aware of whether it manufactured the product at issue in this litigation or whether the product is, in any way, related to Cedarapids, Inc. (Cedarapids's SAMF ¶ 1.) ESI responds that it has no way of knowing the state of Cedarapids's knowledge. (ESI's Reply SMF ¶ 1.) There is no dispute that Cedarapids, Inc. manufactured, or caused to be manufactured, part number 02- 450-116-0000, the part type or model which the Stevenses assert was defective in this litigation, and shipped several of this part type to Thomas DiCenzo, Inc. in 2001 and 2002. (Cedarapids's SAMF ¶ 2; ESI's Reply SMF ¶ 2.) According to Cedarapids, it is not clear whether any of the parts shipped by Cedarapids, Inc. to Thomas DiCenzo, Inc. were the actual part which the Stevenses allege was defective in this case. (Cedarapids's SAMF ¶ 3.) ESI responds that, while there may have been a lack of clarity on the part of Cedarapids at the time of the interrogatories upon which it relies for this statement, Cedarapids has pointed to no record evidence that supports a conclusion that the part originated elsewhere. (ESI's

Reply SMF ¶ 3.)   According to Cedarapids, it is possible that the allegedly defective part could have been a "reverse-engineered" part manufactured by another entity other than Cedarapids, Inc.  (Cedarapids's SAMF ¶ 4.)  "While the statement of possibility, strictly speaking, is true," ESI retorts, "Cedarapids offers no evidence that the part at issue was reverse-engineered."  (ESI's Reply SMF ¶ 4.)

*Discussion*

Both sides to this dispute point to Emery v. Hussey Seating Co. with respect to the indemnity issue raised here.  In Emery the Maine Law Court explained:

> A joint tortfeasor's right to indemnity can arise in three circumstances: (1) indemnity may be agreed to expressly; (2) a contractual right of indemnification may be implied from the nature of the relationship between the parties; or (3) a tort-based right to indemnity may be found when there is a great disparity in the fault of the parties. Araujo v. Woods Hole, Martha's Vineyard, etc., 693 F.2d 1, 2 (1st Cir.1982). The right to indemnity set out in section 886B is one formulation of the tort-based right defined in terms of unjust enrichment. RESTATEMENT (SECOND) OF TORTS § 886B cmt. c (1965). The applicable portion of that section provides:
> **§ 886 Indemnity Between Tortfeasors**
> (1) If two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both, he is entitled to indemnity from the other if the other would be unjustly enriched at his expense by the discharge of the liability.
> (2) Instances in which indemnity is granted under this principle include the following:
> ....
> (d) The indemnitor supplied a defective chattel or performed defective work upon land or buildings as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect….
> The comment to clause (d) explains as follows: "The supplier of a defective chattel is required to indemnify a retailer regardless of whether his tort liability is based on negligence or strict liability, so long as the retailer has failed to discover the defect before selling the product." RESTATEMENT (SECOND) OF TORTS, supra, § 886B cmt. h.
> Cases interpreting the above section, including the case cited by Hussey in the body of its proposed jury instruction, have held that tort-based indemnity between a seller and a retailer only applies when the

4

> "seller's liability stems <u>solely from</u> a failure to discover the defect." <u>Park v. Forman Bros., Inc.</u>, 785 F.Supp. 1029, 1030 (D.D.C.1992) (citing <u>East Penn Mfg. Co. v. Pineda</u>, 578 A.2d 1113, 1127 (D.C.App.1990)) (emphasis added). As stated by the <u>East Penn</u> court, the manufacturer of a defective product must indemnify a seller when:
> > (1) the seller reasonably relies upon the manufacturer's knowledge and skill in making the product free from defects; and
> > (2) any negligence on the seller's part consists of, at most, a failure to discover the defect.
>
> <u>East Penn</u>, 578 A.2d at 1127.
>
> This interpretation is in accord with cases affording indemnification to "passive" as opposed to "active" tortfeasors. <u>See</u> RESTATEMENT (SECOND) OF TORTS, <u>supra</u>, § 886B, cmt c. "Passive" tortfeasors, or those whose liability arises merely from their failure to discover or prevent the misconduct of another, have been held to be entitled to indemnity. <u>Schneider Nat'l Inc. v. Holland Hitch Co.</u>, 843 P.2d 561, 574 (Wyo.1992). A seller has been defined as "passive" if it is nothing more than a retailer in the chain of distribution. If the seller is not simply a passive conduit through which goods pass, however, it is not entitled to indemnity and contribution is appropriate. <u>Amrep Southwest, Inc. v. Shollenbarger Wood Treating, Inc. (In re: Consol. Vista Hills Retaining Wall Litig.)</u>, 119 N.M. 542, 893 P.2d 438, 443 (1995); *see* Dragan M. Cetkovic, <u>Loss Shifting: Upstream Common Law Indemnity in Products Liability</u>, 61 DEF. COUNS. J. 75 (1994) (indemnity appropriate in chain of production when appropriate to shift risk of loss up to those who can prevent defect in product).

1997 ME 162, ¶¶ 10-12, 697 A.2d 1284, 1287-88.

Cedarapids's argument in defending this motion for summary judgment is that the motion is premised on the assumption that the allegedly defective manifold assembly was manufactured by Cedarapids and there is a genuine dispute of material fact as to whether or not Cedarapids in fact manufactured the part. (Cedarapids's Opp'n ESI's Mot. Summ. J. at 1.) Cedarapids maintains: "Without undisputed facts showing that Cedarapids, Inc. manufactured the part at issue in this litigation, Cedarapids, Inc. cannot be deemed an "active" tortfeasor. <u>Id.</u> As such, ESI is not entitled to summary judgment on its indemnity claim against Cedarapids, Inc." (<u>Id.</u> at 2.)

ESI responds:

5

> The Court should note, here, that ESI's cross-claim seeks indemnity from Cedarapids should the Plaintiff recover against ESI. Because it is undisputed that ESI did nothing more than take an order from DiCenzo, and place the order with Cedarapids, ESI can only be held liable in product liability if the Plaintiff succeeds in proving that the manifold at issue was a genuine Cedarapids part. If some third-party manufactured the manifold and sold it to DiCenzo, both Defendants will be exonerated. By granting ESI's motion for summary judgment, the Court would order that, if judgment enters against ESI, then ESI is entitled to indemnity from Cedarapids. There are no facts establishing any theory of liability against ESI unless the Plaintiff proves that the manifold was a genuine Cedarapids part.

(ESI's Reply Mem. at 2.)

For the main part Cedarapids does not deny the facts recited by ESI, but based upon its supplemental responses to plaintiffs' interrogatories, ¶ 9, puts forth the statement of additional "facts" recited above. No supporting evidence is cited about how this "reverse-engineering" might have occurred nor are any "facts" developed indicative of the possibility that it might have been some other part shipped by a different manufacturer that caused this injury. Whether Cedarapids has a subjective "awareness" of supplying the allegedly defective part is not a fact material to ESI's cross-claim. The interrogatory answer is nothing but a suggested hypothesis on the part of whichever representative of Cedarapids signed the interrogatories and thus Cedarapids's statement of additional material facts adds nothing to the summary judgment record.

My impression, based upon the pathetic snippet of a summary judgment record before me, is that ESI is right. Both ESI and Cedarapids agree that if ESI is a "passive" tortfeasor while Cedarapids Inc. is found to be an "active" tortfeasor, then ESI is entitled to indemnity. Emery, 697 A.2d at 1288. Based upon the facts put forth in this summary judgment record, Cedarapids has not generated a genuine dispute as to facts that would make ESI anything other than a "passive" tortfeasor regarding the part purchased by

DiCenzo should a factfinder ultimately determine that part to have been defective and the cause of plaintiff's injury.

This summary judgment motion would not terminate ESI's involvement in the case because it is named as a defendant by the Stevenses and the motion does not seek summary judgment as to the Stevenses' claim. Thus even if the court were to grant the motion at this juncture, ESI would still be in the case. However, based upon the statement of facts developed in conjunction with this motion for summary judgment, I see no reason why the court should not grant summary judgment to ESI, conditioned upon it paying a judgment to the plaintiffs in the event both it and Cedarapids are found to be liable to the Stevenses. In the event such a circumstance arises, based on this summary judgment record ESI was indeed the most passive of tortfeasors and it should be indemnified for any judgment it might be compelled to pay.

## *Conclusion*

For the reasons stated above I recommend the Court conditionally grant ESI's motion for summary judgment on the cross-claim for indemnity.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 17, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge